LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective*
*Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MARTIN ALVAREZ
    a/k/a EDUARDO LOPEZ,
*on behalf of himself, FLSA Collective Plaintiffs*
*and the Class*,

    Plaintiff,

    v.

SCHNIPPER RESTAURANTS LLC,
SRG1 LLC
    d/b/a SCHNIPPER'S QUALITY KITCHEN,
SRG2 LLC
    d/b/a SCHNIPPER'S QUALITY KITCHEN,
SRG 570 LEX LLC
    d/b/a SCHNIPPER'S QUALITY KITCHEN,
SRG NYP LLC
    d/b/a SCHNIPPER'S QUALITY KITCHEN,
ANDREW SCHNIPPER
and JONATHAN SCHNIPPER,

    Defendants.

---

Case No.:

CLASS AND COLLECTIVE
ACTION COMPLAINT

Jury Trial Demanded

       Plaintiff, MARTIN ALVAREZ a/k/a EDUARDO LOPEZ ("Plaintiff"), on behalf of

himself and others similarly situated, by and through his undersigned attorneys, hereby files

this Class and Collective Action Complaint against Defendants, SCHNIPPER

RESTAURANTS LLC, SRG1 LLC d/b/a SCHNIPPER'S QUALITY KITCHEN, SRG2 LLC

d/b/a SCHNIPPER'S QUALITY KITCHEN, SRG 570 LEX LLC d/b/a SCHNIPPER'S QUALITY KITCHEN, SRG NYP LLC d/b/a SCHNIPPER'S QUALITY KITCHEN ("Corporate Defendants"), ANDREW SCHNIPPER and JONATHAN SCHNIPPER (collectively, "Individual Defendants," and together with Corporate Defendants, "Defendants") and states as follows:

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid costs of tools of the trade, (3) liquidated damages and (4) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid costs of tools of the trade, (3) statutory penalties, (4) liquidated damages and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5.      Plaintiff MARTIN ALVAREZ is a resident of Bronx County, New York. Plaintiff worked for Defendants under the name EDUARDO LOPEZ.

6.      Defendants operate four restaurants under the common trade name "Schnipper's Quality Kitchen" with addresses as follows:

(a)     620 8th Avenue, New York, NY 10018 ("Schnipper's 8th Ave & 41st");

(b)     23 East 23rd Street, New York, NY 10010 ("Schnipper's 23rd Street & Madison");

(c)     570 Lexington Avenue, New York, NY 10022 ("Schnipper's 570 Lexington at 51st"); and

(d)     One New York Plaza, New York, NY 10004 ("Schnipper's One NY Plaza").

(collectively, "Schnipper's Restaurants"). Defendants operate Schnipper's Restaurants as a single integrated enterprise. Specifically, Schnipper's Restaurants are engaged in related activities, share common ownership and have a common business purpose. Schnipper's Restaurants are commonly owned by the Individual Defendants ANDREW SCHNIPPER and JONATHAN SCHNIPPER. Schnipper's Restaurants share a common logo, share a common feel and look, serve similar menu items and are advertised jointly on Defendants' website (http://www.schnippers.com). *See* Exhibit 1. Supplies and employees are interchangeable between Schnipper's Restaurants.

7.     Corporate Defendant SCHNIPPER RESTAURANTS LLC is a domestic limited liability company organized under the laws of the State of New York, with a principle place of business and an address for service of process located at 370 Lexington Avenue, Suite 610, New York, New York 10017. Defendants operate Schnipper's Restaurants through SCHNIPPER RESTAURANTS LLC.

8.     Corporate Defendant SRG1 LLC d/b/a SCHNIPPER'S QUALITY KITCHEN is a domestic limited liability company organized under the laws of the State of New York, with a principle place of business and an address for service of process located at 620 8th Avenue, New

3

York, New York 10018. Defendants operate "Schnipper's 8th Ave & 41st" restaurant through SRG1 LLC.

9.      Corporate Defendant SRG2 LLC d/b/a SCHNIPPER'S QUALITY KITCHEN is a domestic limited liability company organized under the laws of the State of New York, with a principle place of business located at 23 East 23rd Street, New York, New York 10010 and an address for service of process located at 370 Lexington Avenue, Suite 610, New York, New York 10017. Defendants operate "Schnipper's 23rd Street & Madison" restaurant through SRG2 LLC.

10.      Corporate Defendant SRG 570 LEX LLC d/b/a SCHNIPPER'S QUALITY KITCHEN is a domestic limited liability company organized under the laws of the State of New York, with a principle place of business located at 570 Lexington Avenue, New York, New York 10022 and an address for service of process located at 171 East 74th Street, Suite 6, New York, New York 10021. Defendants operate "Schnipper's 570 Lexington at 51st" restaurant through SRG 570 LEX LLC.

11.      Corporate Defendant SRG NYP LLC d/b/a SCHNIPPER'S QUALITY KITCHEN is a domestic limited liability company organized under the laws of the State of New York, with a principle place of business located at One New York Plaza, New York, New York 10004 and an address for service of process located at 370 Lexington Avenue, Suite 610, New York, New York 10017. Defendants operate "Schnipper's One NY Plaza" restaurant through SRG NYP LLC.

12.      Individual Defendant ANDREW SCHNIPPER is an owner and senior executive officer of Corporate Defendants. ANDREW SCHNIPPER exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members.

ANDREW SCHNIPPER had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to ANDREW SCHNIPPER regarding any of the terms of their employment, and ANDREW SCHNIPPER would have the authority to effect any changes to the quality and terms of employees' employment. ANDREW SCHNIPPER regularly visited the restaurants and directly reprimanded any employee who did not perform his duties correctly. ANDREW SCHNIPPER ensured that employees effectively serve customers and that the business is operating efficiently and profitably. ANDREW SCHNIPPER exercised functional control over the business and financial operations of Corporate Defendants.

13.     Individual Defendant JONATHAN SCHNIPPER is an owner and senior executive officer of Corporate Defendants. JONATHAN SCHNIPPER exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. JONATHAN SCHNIPPER had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to JONATHAN SCHNIPPER regarding any of the terms of their employment, and JONATHAN SCHNIPPER would have the authority to effect any changes to the quality and terms of employees' employment. JONATHAN SCHNIPPER regularly visited the restaurants and directly reprimanded any employee who did not perform his duties correctly. JONATHAN SCHNIPPER ensured that employees effectively serve customers and that the business is operating efficiently and profitably. JONATHAN SCHNIPPER exercised functional control over the business and financial operations of Corporate Defendants.

14.     At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and New York Labor Law and the Regulations thereunder.

15.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt tipped employees, including bartenders, barbacks, waiters, runners, bussers and delivery persons, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

17.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the prevailing minimum wage. Defendants were not entitled to take any tip credits because they failed to meet statutory requirements under the FLSA. Furthermore, a subclass of FLSA Collective Plaintiffs who worked as delivery persons ("Delivery Subclass") also suffered from Defendants' failure and refusal to compensate/reimburse them for costs of tools of the trade, which cut into their minimum wage. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

18.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective

Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

19.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt tipped employees, including bartenders, barbacks, waiters, runners, bussers and delivery persons, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

20.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

21.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

22.     Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same

corporate practices of Defendants, as alleged herein, of (i) failing to pay the prevailing minimum wage, (ii) failing to provide proper wage statements per requirements of the New York Labor Law, and (iii) failing to provide proper wage and hour notices per requirements of the New York Labor Law. Defendants were not entitled to take any tip credits because they failed to meet statutory requirements under the NYLL. Furthermore, a subclass of the Class who worked as delivery persons ("Delivery Subclass") also suffered from Defendants' failure and refusal to compensate/reimburse them for costs of tools of the trade, which cut into their minimum wage. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

23.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

24.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of

individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

25.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

26.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a)     Whether Defendants employed Plaintiff and Class members within the meaning of the New York law;

(b)     What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

(c)     At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class members for their work;

(d)     Whether Defendants properly notified Plaintiff and Class members of their regular hourly rate and overtime rate;

(e)     Whether Defendants paid Plaintiff and Class members the proper minimum wage under the New York Labor Law; Whether Defendants provided proper notice to Plaintiff and Class members that Defendants were taking a tip credit;

(f)     Whether Defendants provided proper wage statements informing Plaintiff and Class members of the amount of tip credit taken for each payment period and other information required to be provided on wage statements;

(g)     Whether Defendants took the proper amount of tip credit allowance from Plaintiff and Class members under the New York Labor Law;

(h)     Whether Defendants established the tip payment structure for Plaintiff and Class members;

(i)     Whether Defendants required Plaintiff and Class members to perform non-tipped work for more than 20 percent of their workday;

(j)     Whether Defendants kept daily records of tips earned by Plaintiffs and Class members;

(k)     Whether Defendants compensated/reimbursed Plaintiff and Delivery Subclass members for costs of tools of the trade;

(l)     Whether Defendants provided proper wage statements to Plaintiff and Class members per requirements of the New York Labor Law; and

(m)     Whether Defendants provided proper wage and hour notices to Plaintiff and Class members per requirements of the New York Labor Law.

## STATEMENT OF FACTS

27.     From in or about May 2013 until in or about May 2016, Plaintiff MARTIN ALVAREZ was employed by Defendants to work as a delivery person for Defendants' "Schnipper's 8th Ave & 41st" restaurant located at 620 8th Avenue, New York, NY 10018.

28.     During his employment with Defendants, Plaintiff MARTIN ALVAREZ was regularly required to work at Defendants' other three Schnipper's Restaurants, including "Schnipper's 23rd Street & Madison" located at 23 East 23rd Street, New York, NY 10010, "Schnipper's 570 Lexington at 51st" located at 570 Lexington Avenue, New York, NY 10022, and "Schnipper's One NY Plaza" located at One New York Plaza, New York, NY 10004.

29.     From the beginning of his employment with Defendants until in or about May 2014, Plaintiff MARTIN ALVAREZ had a regular work schedule of 5:00 p.m. to 11:00 p.m. for 6 days per week. From in or about June 2014 until in or about January 2016, Plaintiff MARTIN ALVAREZ had a regular work schedule of 11:00 a.m. to 10:00 p.m. for 5 days per week. From in or about February 2016 until the end of his employment with Defendants, MARTIN ALVAREZ had a regular work schedule of 12:00 p.m. to 9:00 p.m. for 5 days per week. Plaintiff MARTIN ALVAREZ had a lunch break of 30 minutes per workday.  Based on Plaintiff MARTIN ALVAREZ's direct observations and conversations with other employees at Schnipper's Restaurants, all FLSA Collective Plaintiffs and Class members worked similar hours.

30.     From the beginning of his employment with Defendants until in or about December 2013, Plaintiff MARTIN ALVAREZ was paid at a regular rate of $5.65 per hour. From in or about January 2014 until in or about December 2014, Plaintiff MARTIN ALVAREZ was paid at a regular rate of $5.65 per hour and an overtime rate of $9.65 per hour. From in or about January 2015 until in or about December 2015, Plaintiff MARTIN ALVAREZ was paid at a regular rate of $5.65 per hour and an overtime rate of $10.03 per hour. From in or about January 2016 until the end of his employment with Defendants, Plaintiff MARTIN ALVAREZ was paid at a regular rate of $7.50 per hour and an overtime rate of $12.00 per hour. Based on Plaintiff MARTIN ALVAREZ's direct observations and conversations with other employees at Schnipper's Restaurants, all FLSA Collective Plaintiffs and Class members were paid similarly.

31.     Throughout his employment with Defendants, MARTIN ALVAREZ was required to use his own bicycle for deliveries and was not compensated or reimbursed for the costs of purchasing and maintaining the bicycle, including repair costs. Based on Plaintiff MARTIN ALVAREZ's direct observations and conversations, all delivery persons employed at Schnipper's Restaurants were required to use their own bicycles for delivery and was not compensated or reimbursed for the costs of purchasing and maintaining the bicycle.

32.     At all relevant times, Defendants paid Plaintiff, FLSA Collective Plaintiffs and Class members at hourly rates below the prevailing minimum wage in violation of the FLSA and NYLL.

33.     Plaintiff, FLSA Collective Plaintiffs and Class members did not receive proper notice that Defendants were claiming a tip credit. In addition, Plaintiff, FLSA Collective Plaintiffs and Class members did not receive notice informing them that the tips they received must be retained by them except for a valid tip pooling arrangement, or that the tip credit taken

by Defendants may not exceed the value of tips that they actually received. Further, Defendants failed to provide proper wage statements informing Plaintiff, FLSA Collective Plaintiffs and Class members of the proper regular rate of pay or the amount of tip credit taken for each payment period.

34.     During his employment with Defendants, Plaintiff was required to engaged in various non-tipped activities, such as delivering ingredients and supplies to and from different Schnipper's Restaurants and preparing food in the kitchen, for 20 percent or more of their workday. Based on Plaintiff's direct observations and conversations with other employees, FLSA Collective Plaintiffs and Class members similarly spent at least 20 percent of their workday performing such non-tipped activities.

35.     At no time during the relevant time periods did Defendants provide Plaintiff or Class members with proper wage and hour notices or wage statements as required by NYLL.

36.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs and Class members either the FLSA minimum wage or the New York State minimum wage, despite failing to satisfy the requirements to claim tip credit.

37.     Defendants knowingly and willfully operated their business with a policy of not reimbursing Plaintiff and the Delivery Subclass for costs of tools of the trade proper wage, despite in violation of the FLSA and NYLL.

38.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and Class members, in violation of the NYLL.

39. Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiff and Class members in violation of the NYLL.

40. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

41. Plaintiff realleges and reavers Paragraphs 1 through 40 of this class and collective action Complaint as if fully set forth herein.

42. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

43. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

44. At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

45. At all relevant times, Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiff and FLSA Collective Plaintiffs for their hours worked. Defendants were not entitled to claim any tip credits because they failed to meet the statutory requirements under the FLSA.

46.     At all relevant times, Defendants had a policy and practice of refusing to compensate Plaintiff and the Delivery Subclass of costs of tools of the trade in that they never reimbursed the Delivery Subclass for using their own bicycles for deliveries and paying for the maintenance, which cut into their minimum wage.

47.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the prevailing minimum wage or reimburse costs of tools of the trade when Defendants knew or should have known such was due.

48.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

49.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

50.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wage and unpaid costs of tools of the trade, plus an equal amount as liquidated damages.

51.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

52.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**COUNT II**

**VIOLATION OF THE NEW YORK LABOR LAW**

53.     Plaintiff realleges and reavers Paragraphs 1 through 52 of this class and collective action Complaint as if fully set forth herein.

54.     At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

55.     Defendants knowingly and willfully violated the rights of Plaintiff and Class members by failing to pay them minimum wages in the lawful amount for hours worked. Defendants were not entitled to take any tip credits because they failed to meet the statutory requirements under the NYLL.

56.     Defendants knowingly and willfully violated rights of Plaintiff and and the Delivery Subclass of costs of tools of the trade in that they never reimbursed the Delivery Subclass for using their own bicycles for deliveries and paying for the maintenance, which cut into their minimum wage.

57.     Defendants knowingly and willfully failed to provide proper wage and hour notices to Plaintiff and Class members, as required by New York Labor Law § 195(1).

58.     Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and Class members with every wage payment, as required by New York Labor Law § 195(3).

59.     Due to Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid minimum wage, unpaid costs of tools of the trade, damages for unreasonably delayed payments, statutory penalties, liquidated damages,

16

reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b.   An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.   An award of unpaid minimum wage due under the FLSA and NYLL;

d.   An award of unpaid costs of tools of the trade due under the FLSA and NYLL;

e.   An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

f.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay the prevailing minimum wage and costs of tools of the trade, pursuant to the FLSA;

g.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay the prevailing minimum wage and unpaid costs of tools of the trade, pursuant to the NYLL;

h.   An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i.    Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

j.    Designation of this action as a class action pursuant to F.R.C.P. 23;

k.    Designation of Plaintiff as Representative of the Class; and

l.    Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:   July 20, 2016                    Respectfully submitted,

                              By:    */s/ C.K. Lee*
                                     C.K. Lee, Esq.

                                     LEE LITIGATION GROUP, PLLC
                                     C.K. Lee (CL 4086)
                                     Anne Seelig (AS 3976)
                                     30 East 39th Street, Second Floor
                                     New York, NY 10016
                                     Tel.: (212) 465-1188
                                     Fax: (212) 465-1181

                                     *Attorneys for Plaintiff, FLSA Collective Plaintiffs*
                                     *and the Class*